UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

MARC E. VERZANI, individually and on behalf
of all others similarly situated, and

ROBERT J. VERZANI, individually as Private
Attorney General under the laws of the State of
Washington,

                Plaintiffs,

-against-

Costco Wholesale Corporation,

                Defendant.

——————————————————————x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/09
```

09 Civ. 2117 (CM)(FM)

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

McMahon, J.:

      In keeping with the court's local rule, I have promptly reviewed the papers submitted by plaintiffs in support of their motion for reconsideration of the court's decision and order dated July 29, 2009. I have concluded that it will not be necessary for defendant to respond to the motion. I am granting it in part and denying it in part, as follows:

      (1) Robert J. Verzani and his claims under Washington state law were improperly added to this case, for the reason described in the court's July 29 opinion. However, I forgot to mention in the opinion that the addition of Robert Verzani as a party plaintiff also (a) detroyed diversity jurisdiction, which was the only basis for this court's having jurisdiction in the first place; and (b) violated the venue provisions found in 28 U.S.C. § 1391(b), in that the defendant does not reside in this district, no portion of the activity giving rise to Robert Verzani's claim occurred in this district, and the Western District of Washington is a district in which Robert Verzani could have brought his claims.

      Becasue dismissal of the entire case is not the preferred solution in a case of misjoinder, see Fed. R. Civ. P. 19(b), I chose to sever and transfer Robert J. Verzani's claims to the Western District of Washington (where of course they would immediately be dismissed for lack of subject matter jurisdiction).

It turns out that the better course is simpler: I should have simply severed and then dismissed Robert Verzani's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). I withdraw my original order transferring the case and direct the Clerk of the Court to dismiss the claims of Robert Verzani.

I also direct plaintiff's counsel to show cause why he should not be sanctioned for having added Robert Verzani and his claim to this action in the first place. Please respond within ten business days.

(2) The court is perfectly satisfied with its extensive analysis of Marc Verzani's contract claim and declines to reconsider it. The issues raised by plaintiff in his motion to reconsider are, as far as this court is concerned, red herrings. The only contract that might exist in this case is unambiguously one for a tray containing *shrimp and cocktail sauce,* with the net weight of that product (shrimp and cocktail sauce) being 16 oz. The tray purchased by plaintiff contained shrimp and cocktail sauce with a net weight of slightly more than 16 oz. There was no breach. For that reason, there is also no likelihood of success on the merits of Verzani's claim for a preliminary injunction, and I decline to reconsider that aspect of my order as well.

(3) I will reconsider the order transferring Marc Verzani's claims to the Western District of Washington. I hereby withdraw that portion of my order, and instead enter an order staying what remains of his case and placing it on the suspense calendar of this court pending a decision by the Washington Supreme Court on the applicability of Washington's Consumer Protection Act to a purchase of a product in another state by an out-of-state consumer. Defendant is directed to notify the court when that decision comes down. If the statute applies, I will then transfer the case to Washington; that will preserve Mr. Verzani's right to a federal forum whlie citing the case where is belongs (for the reasons stated in the July 29 Order). If the statute does not apply, I will immediately dismiss Mr. Verzani's claim under the Washington Consumer Protection Act with prejudice.

For the reasons set forth above and in the court's order dated July 29, 2009, the Clerk of the Court is directed to (1) grant in part and deny in part the motion for reconsideration, and to remove that motion from the court's list of pending motions; (2) sever the claims of Robert Verzani and dismiss them for lack of subject matter jurisdiction, and remove him from the caption; (3) enter an order dismissing Count One (breach of contract), which is asserted only by Marc Verzani; and (3) stay the remainder of the case (i.e., the claims asserted by Marc Verzani under the Washington Consumer Protection Act) pending further notice. What remains of the action is hereby placed on the court's suspense file.

This constitutes the decision and order of the court.

Dated: August 6, 2009

_____
U.S.D.J.