UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――x

USDSDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/10

MARC E. VERZANI, individually and on behalf
of all others similarly situated,

                Plaintiff,

                                      09 Civ. 2117 (CM)

      against

COSTCO WHOLESALE CORPORATION,

                Defendant.

――――――――――――――――――――――――x

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

McMahon, J.

      Plaintiff Marc Verzani ("Verzani") seeks to amend his complaint to assert a claim under New York General Business Law ("G.B.L.") § 349, alleging that Defendant Costco Wholesale Corporation ("Costco") engaged in deceptive practices because it did not disclose on the label of its Shrimp Tray with Cocktail Sauce ("Shrimp Tray") the weight of the shrimp. Costco opposes Verzani's motion. For the reasons stated below, Verzani's request for leave to file a second amended complaint is denied as futile.

### I. BACKGROUND

#### A. Factual Background

      Familiarity with the facts of this case will be assumed for purposes of this opinion as they have been thoroughly discussed in this Court's July 29, 2009 decision. See Verzani v. Costco

Wholesale Corp., 641 F. Supp. 2d 291 (S.D.N.Y. 2009) (dismissing Count I of the complaint, denying Verzani's motion for a preliminary injunction, and transferring Counts II and III to the Western District of Washington).

### B. Procedural Background

On August 11, 2010, Verzani moved for leave to file a second amended complaint, asserting a claim under New York General Business Law ("G.B.L.") § 349 (Count I). (Mot. For Leave to Amend Compl., Ex. A, ¶¶ 51–56.) The crux of Verzani's proposed G.B.L. § 349 claim is that the label on Costco's Shrimp Tray is deceptive because (1) the net weight on the label could be interpreted by a reasonable consumer as referring to the net weight of the shrimp only, (2) the weight of shrimp in each tray varies between trays, and (3) the label does not disclose the actual weight of the shrimp. (Id. at ¶¶ 5, 6(e).) Costco opposes Verzani's motion, arguing that leave to file a second amended complaint should be denied as futile because Verzani's proposed G.B.L. § 349 claim could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. Verzani's Attempt To Amend The Complaint Is Futile.

Under Rule 15(a) of the Federal Rules of Civil Procedure, Verzani can amend the complaint once as a matter of course if the amendment occurs within 21 days of service of the complaint or within 21 days of service of Costco's responsive pleading. See Fed. R. Civ. P. 15(a). Verzani filed his initial complaint on March 9, 2009, Costco responded with a motion to dismiss on June 5, 2009, and Verzani filed an amended complaint on June 12, 2009. Verzani is now attempting to amend his complaint again, but his time to amend as a matter of course under Rule 15(a)(1) has expired. Rule 15(a)(2), however, allows a party to amend its pleadings at any time with the court's leave. See Fed. R. Civ. P. 15(a)(2). Whether to grant or deny such leave is

within the sound discretion of the district court. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. Although generally leave to amend is freely granted, where there is no merit to the proposed amendment, leave to amend should be denied. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990); Friedman v. Chesapeake & Ohio Ry. Co., 261 F. Supp. 728, 734 (S.D.N.Y. 1966) ("Although amendments are freely allowed under Rule 15(a) . . . , they are not allowed where, as here, a party seeks to assert a claim that lacks merit."). When, for instance, a proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6), the proposed amendment is futile. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Verzani's proposed amended complaint asserts a claim under G.B.L. § 349. (Mot. For Leave to Amend Compl., Ex. A, Count I.) G.B.L. § 349 makes "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service . . . unlawful." N.Y. Gen. Bus. Law § 349. To survive a motion to dismiss under Rule 12(b)(6), Verzani must assert sufficient factual allegations to suggest that Costco "is engaging in an act or practice that is deceptive or misleading in a material way." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995). The "deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" Stutman v. Chem. Bank, 731 N.E.2d 608, 612 (N.Y. 2000) (quoting Oswego Laborers, 647 N.E.2d at 744).

### 1. Verzani's G.B.L. § 349 Claim Could Not Survive A Motion To Dismiss.

Verzani alleges that the label on the Shrimp Tray is deceptive in two ways: First, a reasonable consumer would believe that the weight disclosure on the label—"Net Wt 16oz (1.00 lb)"—refers only to the shrimp (and not the other ingredients in the package); and second, the

weight of the shrimp in the tray varies between trays. Even assuming the truth of Verzani's factual allegations, Hamilton Chapter of Alpha Delta Phi v. Hamilton College, 128 F.3d 59, 62–63 (2d Cir. 1997), Verzani's G.B.L. § 349 claim could not survive a motion to dismiss under Rule 12(b)(6).

A reasonable consumer would not believe that the net weight disclosed on the label for the Shrimp Tray refers to only the shrimp. The label lists the ingredients in descending order based on their relative weight—shrimp, lemon wedges, leaf lettuce—followed by a number of ingredients that presumably comprise the cocktail sauce – such as, tomato paste, distilled vinegar, and horseradish—and clearly states "Net WT 16oz (1.00 lb)." Verzani, 641 F. Supp. 2d at 295; (Am. Compl. Ex. A.) As the Court explained in its July 29 decision, "net weight means the weight of an item exclusive of its packaging." Verzani, 641 F. Supp. 2d at 299. Here, the 16 ounces refers to the weight of the shrimp, cocktail sauce, lettuce, and lemon wedges (the food components in the tray). Verzani's interpretation of "net weight" as including 16 ounces of shrimp alone is objectively unreasonable because a simple visual inspection of the tray—with its clear plastic top—reveals that shrimp is not the only edible item inside. See id. ("The fictitious 'reasonable person' viewing the product through its clear packaging could see that the Tray included more than just shrimp. Contrary to plaintiff's wholly unsupported allegation, a reasonable consumer would not read the label as promising that the package contained sixteen ounces of shrimp."). In fact, the product's name alone, "Shrimp Tray with Cocktail Sauce," suggests that a consumer (at a minimum) is purchasing shrimp and cocktail sauce. A reasonable consumer reading the tray's label would not pick out "shrimp" to the exclusion of all the information on the label (including the product's name and the listed ingredients) when assessing the net weight of the product. See, e.g., Druyan v. Jagger, 508 F. Supp. 2d 228, 244 (S.D.N.Y.

2007) (dismissing false advertising claim because no reasonable consumer would have been misled by the representation about which plaintiff complained).

Moreover, Verzani's allegation that the label is deceptive because the quantity of shrimp in the tray varies between trays is also insufficient to sustain a claim under G.B.L. § 349. As Verzani's own extensive research revealed, none of the trays he purchased weighed less than 16 ounces. Verzani, 641 F. Supp. 2d at 300. Although some of the trays may have weighed more than 16 ounces (thereby giving some lucky consumers a small windfall), all consumers of Costco's Shrimp Tray received the promised 16 ounces of combined shrimp, cocktail sauce, lettuce, and lemon wedges. Because the label accurately states the combined weight of the food in the tray, Verzani's G.B.L. § 349 claim could not survive a motion to dismiss under Rule 12(b)(6).

### 2. Verzani cannot salvage his G.B.L. § 349 claim by alleging violations of federal law.

Verzani alleges that the Shrimp Tray is misbranded in violation of 21 U.S.C. § 331 of the Federal Food, Drug and Cosmetic Act ("FDCA") and therefore Costco has engaged in a deceptive act under G.B.L § 349. (Mot. For Leave to Am. Compl., Ex. A ¶¶ 42, 43.) The FDCA lacks a private right of action and therefore Verzani cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349. See 21 U.S.C. § 337(a); Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 349 & n.4 (2001); see also Broder v. Cablevision Sys. Corp., 418 F.3d 187, 200 (2d Cir. 2005) (holding that a party cannot thwart the legislative intent by pleading a claim for violation of a statute with no private cause of action as a claim under G.B.L. § 349); Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (explaining that where G.B.L. § 601 does not provide a private cause of action, plaintiff cannot "thwart legislative intent by couching a Section 601 claim as a Section 349 claim"). Indeed, Verzani's persistent

allegations that Costco's labeling of the Shrimp Tray violates the FDCA and the Food and Drug Administration's regulations on the labeling of "shrimp cocktails" indicates that his true purpose is to privately enforce alleged violations of the FDCA, rather than to bring a claim for unfair and deceptive business practices under G.B.L. § 349. See, e.g., PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997). As such, Verzani's proposed G.B.L. § 349 claim premised on violations of the FDCA could not survive a motion to dismiss. It is therefore unnecessary for this Court to address Verzani's arguments that the label on Costco's Shrimp Tray does not comply with 21 C.F.R. §§ 102.54 and 102.5.

### III. CONCLUSION

For the reasons stated above, Verzani's motion for leave to file a second amended complaint is denied.

Dated: September 28, 2010

_____
U.S.D.J.

BY EFC TO ALL COUNSEL